**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00287-CV**
_____

**MARCUS ELLIS, Appellant**

**V.**

**BHA TRINITY GROVE, LLC, Appellee**

_____

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause No. 25CCCV0370**
_____

**MEMORANDUM OPINION**

Pro se Appellant, Marcus Ellis, filed a notice of appeal in this case, along with a statement of inability to afford costs that he had filed in the trial court. The Appellee filed an objection in the appeal to the Appellant's Statement of Inability to Afford Costs. On August 26, 2025, we entered an Order abating the appeal, and we remanded the matter to the trial court to determine whether the Appellant should be required to pay costs and whether Ellis is indigent.

1

After we received a copy of the supplemental record from the trial court regarding the trial court's hearing and findings regarding the payment of costs, we reinstated the appeal on October 28, 2025.

According to the 1st Supplemental record we received from the trial court, the trial court held a hearing and entered an Order Regarding Costs and Writ of Possession, dated September 22, 2025, and an Order Sustaining Plaintiff's Objection and Granting Plaintiff's Motion to Challenge Defendant's Claim of Inability to Afford Payment of Costs, dated September 23, 2025. Ellis appeared at the evidentiary hearing regarding Ellis's alleged inability to afford payment of costs. The trial court found that Ellis's Statement of Inability to Afford Payment of Court Costs was "materially false when made" and that Ellis was obligated to pay court costs associated with his appeal, and that there is no waiver of his obligation to timely pay supersedeas security, and the trial court awarded a writ of possession and execution.

On January 13, 2026, we notified Ellis that the appeal had been reinstated, that the records for the indigency hearing had been filed in the appeal, and pursuant to Texas Rule of Civil Procedure 145(g)(2), Friday, October 3, 2025, was the deadline to file any motion challenging the trial court's order dated September 23, 2025. We informed Ellis that this Court had not received a motion challenging the trial court's ruling and that we will require Appellant to pay costs. We enclosed an

invoice for the filing fee, and informed Ellis that his fee was due and owing. On February 23, 2026, we notified Ellis by letter that his fee had not been paid, and we informed him that unless the filing fee was paid, the appeal would be dismissed without further notice pursuant to Texas Rule of Appellate Procedure 42.3(c) on any date after Tuesday, March 10, 2026. As of this date, Ellis has not paid the filing fee, nor has he responded to the notices forwarded to him by this Court.

Accordingly, the appeal is dismissed for want of prosecution. *See* Tex. R. App. P. 37.3(b), 42.3(b), (c), 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on May 6, 2026
Opinion Delivered May 7, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.